

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 2, 1939

Honorable A. A. Miller
County Attorney
Newton County
Newton, Texas

Dear Sir:

> Opinion No. O-717
> Re: Is the county treasurer entitled
> to draw commissions when and af-
> ter he has acted under the court
> order mentioned and as he pays
> out the money, under the facts
> set forth?

Your request for an opinion on the above stated ques-
tion has been received by this office.

Your letter reads in part as follows:

"There was a District Court order granted in this
court, authorizing the County Treasurer to set
up a new fund and transfer a surplus which has
accumulated in a Road District in this County, to
this newly created fund and to spend said money
within the original Road District.

"Is the County Treasurer entitled to draw his com-
missions on this money, when he has set up said
new fund, as ordered by our District Judge, and
then as he pays out this money, as prescribed in
the following article." (Article 3941)

Article 3941, Revised Civil Statutes, reads as follows:

"The County Treasurer shall receive commissions
on the moneys received and paid out by him, said
commissions to be fixed by order of the Commissioners



Court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent, and not exceeding two and one-half per cent for paying out the same; provided, that he shall receive no commissions for receiving money from his predecessor nor for paying to his successor in office."

Section 44, Article 16 of the State Constitution provides:

"The Legislature shall prescribe the duties and provide for the election by the qualified voters of each county in this state, of the County Treasurer and County Surveyor, who shall have an office at the county seat, and hold that office for two years, and until their successors are qualified; and shall have such compensation as may be provided by law."

Article 3943, Revised Civil Statutes, generally provides that the commissions allowed to any county treasurer shall not exceed $2,000 annually. The county treasurer is entitled to commissions upon all county funds collected and paid out during his term of office. Within the limits prescribed by the legislature, the Commissioners' Court has power to fix commissions which the county treasurer shall receive upon moneys received and paid out by him. Llano County v. Moore, 14 S. W. 172, Tex. Jr. Vol. 11, p. 594.

The transfer of funds in the county treasury by order of the District Court authorizing the county treasurer to set up a new fund and transfer a surplus which had accumulated in a Road District in the county would not be a collection of funds nor could it be considered as money paid out of the treasury but merely a transfer of money in one fund already in the county treasury to the newly created fund. Therefore, the county treasurer would not be entitled to any commission for transferring money out of one fund into another fund.

You are respectfully advised that it is the opinion of this department that the county treasurer would not be entitled to any commissions on fund transferred from one fund to another fund in the county treasury. You are further advised that the county treasurer would be entitled to his commissions under Article 3941, supra, as he pays out this money from the new fund in that the county treasurer is entitled to commissions upon all county funds paid out during his term of office.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:FL

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS